## McElfatrick *versus* Hicks.

1. A purchaser at sheriff's sale of the husband's interest in real estate, cannot recover the possession in an ejectment against him alone where the title is in his wife, acquired since the passage of the Act of 11th April 1848 and before the date of the judgment under which the premises were sold. The wife need not become a party to the record—the husband may defend her interest.

2. The declarations of a grantor as to fraud on his part are not evidence against an honest purchaser for an adequate consideration, though they were made before the execution of his conveyance, he having no knowledge of any fraudulent design in the grantor.

3. *A mistake* in the computation of interest on bonds which formed the consideration of a deed will not affect its validity.

ERROR to the Common Pleas of *Dauphin county.*

This was an action of ejectment to January Term, 1851, for a house and lot in Middletown, by Edward McElfatrick and Samuel Landis *v.* John Hicks and Henry Schlote. The latter person was a tenant.

The property in dispute had been purchased by Landis at sheriff's sale, as the property of John Hicks, for above $200. Landis received the sheriff's deed in November, 1850, and by endorsement on it in December, 1850, conveyed the one-fourth part of the premises to McElfatrick, one of the plaintiffs. The premises were sold under a judgment entered on 29th April, 1850, in favor of said McElfatrick *v.* Hicks, for $1168.05½. At the time of the levy and sheriff's sale, Hicks was in possession of the premises.

In defence, was given in evidence a deed by Hicks and Sarah his wife, to Jonas Metzgar, his father-in-law, dated 21st April, 1849, and acknowledged on the same day, for the alleged consideration of $1750, with receipt at the foot of it for that amount. Endorsed on it was an assignment by Metzgar and wife to Sarah Hicks, wife of John Hicks and daughter of Jonas Metzgar, dated 25*th April,* 1849, purporting to be in consideration of $1750, with

[McElfatrick v. Hicks.]

receipt on it for that amount. Deed and assignment recorded on 22d March, 1850.

There was also given in evidence a paper signed by the attorney of Sarah Hicks, read at the sheriff's sale, giving notice of her claim. Evidence was given of a bond by Hicks to Metzgar, dated April 1, 1837, for $700, payable in one year with interest; also of another bond of same to same, dated 1st January, 1846, for $800. It was testified that these two bonds, with the interest on them, were the consideration of the deed; and that a calculation was made as to the amount due on the bonds, and the bonds delivered to Hicks, before the delivery of the deed.

On the part of the *defence* was also given in evidence a bond for $800, dated 25th April, 1849 (same date as the assignment), executed by *Sarah Hicks* to Jonas Metzgar, with interest at five per cent.; and testimony was given that the difference between the amount of this bond and the $1750, was given by Metzgar to Sarah Hicks as *an advancement*.

On the part of plaintiffs, evidence was given of indebtedness, exceeding $6000, by Hicks to different persons, at the time of the execution of the deed to Metzgar. His real and personal estate sold for above $2000.

Evidence was given of the declarations of Hicks in relation to conveying his property to his wife; and of other declarations of Hicks made *after* the conveyance to Metzgar, the object of which evidence was to show a design on the part of Hicks in making the conveyance to Metzgar, to prevent his creditors from selling the premises. Evidence was given as to the value of the premises, part of which was in dispute, in April 1849, the estimates ranging from $1750 to $2000.

On the part of the defence some witnesses testified that, in their opinion, the property was not worth more than $1750, when conveyed by Hicks to Metzgar.

On the part of the plaintiffs it was contended that the conveyances, under the circumstances of the case, should be regarded as *fraudulent*. Also that Hicks being in possession of the premises at the time of the rendition of the judgment and of the sale, the plaintiffs were entitled to recover the possession.

PEARSON, J., charged the jury, *inter alia*, that a debtor in failing circumstances had a right to prefer a creditor by paying him in full with money, to the exclusion of others, or by selling him property, real or personal, at its full value. That if Metzgar ever intended to give the money to Mrs. Hicks he took care to retain the means of compelling the husband to make repayment. That if the bonds were given as they purported, and the interest paid, the money was not absolutely given to Mrs. Hicks, but the repay-

[McElfatrick *v.* Hicks.]

ment could be enforced. The evidence on the subject was referred to the jury.

He also referred to them the question, whether the sale was *bonâ fide and for full value.* That if it were not it could be avoided by creditors. But that a mistake of $23 in the calculation of the amount of the bonds, *if honestly made,* would not avoid the deed if otherwise valid and *bonâ fide.* That the penalty of fraud is the destruction of the instrument—the remedy for the correction of errors is the payment of the difference.

He further charged that the declarations of Hicks, tending to show a fraudulent intent on his part, made before the conveyance to Metzgar, if such intent on the part of Hicks existed, were not to weigh against the title of Metzgar, under which the defence was made, *if Metzgar had no knowledge of the improper design of Hicks.*

He further charged that if the claim of the wife of Hicks to the premises as her separate estate under the Act of 1848, under the conveyance of her father, was valid, she was entitled to hold the possession. That it was not the intention of the legislature in passing the Act of 1848 to separate husband and wife, and that the wife was to be permitted to enjoy the benefit of her title consistently with her duty to her husband, by permitting her title to be set up to protect the possession of both. That the same principle which was applied to personal estate in the case of Gamber *v.* Gamber, 6 *Harris* 363, was applicable to real estate; that, therefore, if the title of the wife were valid, the plaintiffs were not entitled to recover even against her husband.

May 3, 1853, verdict was rendered for the defendants.

Error was assigned to the instruction that the declarations of Hicks were not to affect Metzgar if the latter had no knowledge of the improper design of Hicks.

2. In the instruction as to the error in the amount of the consideration of the deed.

3. In the instruction as to the right of the wife to defend the possession.

*Fisher,* for plaintiff in error.—As to the *second* specification of error was cited the cases of Rogers *v.* Hall, 4 *Watts* 359; 5 *Barr* 478, Kepner *v.* Burkhart; 3 *Barr* 242, Moyer *v.* Schick.

As to the *third* assignment. The action was against Hicks and Schlote, his tenant, and the appearance was for them alone. There was no application to have Mrs. Hicks made a party to the record, nor any suggestion on the record of title in her, nor leave asked to take defence on account of her interest. Where the sheriff's vendee proves that at the time of the levy and sale the

[McElfatrick v. Hicks.]

debtor was in peaceable possession of the premises, evidence of a different independent title will not be received: 2 *Yeates* 443, Culbertson *v.* Martin. In ejectment by a purchaser at sheriff's sale against the defendant in the judgment, the latter cannot set up an outstanding title or right of possession in another: 3 *Watts* 223, Young *v.* Algeo. Also cited 3 *Barr* 275; 1 *Id.* 201; 14 *Ser. & R.* 153.

*Kunkel* and *McCormick*, for defendant in error, the Court did not hear.

In their printed argument it was observed that, at the date of the bonds to Metzgar, Hicks was *solvent*. That Hicks had a right to prefer Metzgar. That the debt to Metzgar was an honest one. That there was no direct proof of a knowledge by Metzgar of a dishonest intention on the part of Hicks, and there was nothing in the position or circumstances of Metzgar, in respect to the transaction, from which a knowledge or participation by him in a fraud ought to have been inferred. Metzgar, and Mrs. Hicks claiming under him, if such fraudulent intent were proven against Hicks, would be protected by the last proviso to the statute 13 Elizabeth, viz.: "That this Act or anything therein contained, shall not extend to any estate or interest in land, &c., had, &c., or thereafter to be had, made, conveyed, or issued, which estate or interest is or shall be, upon good consideration and *bonâ fide*, lawfully conveyed or assured to any person, &c., not having, at the time of such conveyance and assurance to them made, any manner *of notice or knowledge* of such covin, fraud, or collusion as is aforesaid:" *Roberts' Digest* 298. A *bonâ fide* purchaser is to be protected: 3 *Penn. Rep.* 166, Mateer *v.* Hissim.

As to the third assignment. The right of possession is in the sheriff's vendee where the defendant was in possession at the time of the levy *in his own right*. The opinion of KENNEDY, J., in Young *v.* Algeo, 3 *Watts* 223, referred to. If there be no estoppel where the defendant in the execution is in possession under a right acquired by *subsequent contract:* 3 *Watts* 223–4, Young *v.* Algeo, there is none where he is in possession in right of his wife and in consequence of the marriage. Notice of her claim was given at the time of the sale, and the principle of *caveat emptor* is applicable.

By the Act of 11th April, 1848, the property in dispute was the separate estate of the wife. She was in possession, and her estate in it could not be enjoyed consistently with her duty to her husband, without permitting her to set it up to protect the possession of both.

The opinion of the Court, filed Sept. 25, was delivered by

KNOX, J.—This was an action of ejectment brought to recover the possession of a house and lot, containing three-fourths of an acre. The plaintiffs claimed under a deed made by the sheriff of Dauphin county, upon a sale on a judgment against Hicks, one of the defendants, and who at one time was the undisputed owner of the property.

The defence relied upon a title in the wife of Hicks to prevent a recovery.

The judgment upon which the sale was made was entered on the 29th April, A. D. 1850. Mrs. Hicks obtained title by a deed from her father, Jonas Metzgar, dated 25th April, 1849, to whom the property was conveyed by Hicks and wife on the 21st of April of the same year.

Upon the trial the plaintiffs contended, 1st, That the sale from Hicks to Metzgar was a fraudulent one. 2d, That even if it was otherwise, the title of Mrs. Hicks could not be used to prevent a recovery against her husband.

The Court below received in evidence the declarations of Hicks made both before and after the conveyance to Metzgar, to show a fraudulent design upon his part; but instructed the jury that they could not weigh against the title of Metzgar, under which defence was made, if he had no knowledge of the improper design of Hicks. This instruction is complained of, and is the first error assigned.

The correctness of this portion of the charge depends upon the right of Hicks to defend upon his wife's title. If it could be used by him to prevent a recovery, it is clear that its validity was to be determined precisely in the same manner as though the conveyance had been made to a stranger; and nothing can be more plain than that the declarations of a grantor are not evidence of fraud, as against an honest purchaser for an adequate consideration, even when made before the execution of the contract, and it would be more absurd (if possible) to allow declarations made after the title had passed, to affect its validity. If the plaintiff was right in his position, that the case was to be tried as between himself and Hicks, without regard to Mrs. Hicks's claim, then the declarations of Hicks, no matter when made, were legitimate evidence, and should have been allowed their proper weight.

This brings us to the question, Whether a purchaser at sheriff's sale of the husband's interest in real estate can recover the possession in an action against him, where the title is in the wife, accruing since the passage of the Act of 11th April, A. D. 1848?

This question is free from difficulty. The Act protects the wife's interest, both as to title and possession. The possession of the husband and wife is identical. A recovery against the husband prevents the enjoyment of the estate by the wife. This beneficial

[McElfatrick *v.* Hicks.]

legislative enactment would be rendered nearly useless if its construction were that the wife must either turn her husband out of doors or be turned out by his creditors. It was unnecessary that Mrs. Hicks should have been made a formal party to the record. Her husband's possession and her title were so inseparably connected, that an attack upon the one justified the defence of the other.

This disposes of the first and third assignments of error; and as to the second, it is sufficient to say that the Court below were clearly right in 'charging the jury that a mistaken computation of interest upon the bonds which formed the consideration of the deed, would not effect its validity. This case is free from error, so far as the Court was concerned; and with the finding of the jury upon the facts, we have neither the power nor the disposition to interfere.

Judgment affirmed.